IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY J. WHATLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0532-WS-B |
| ) | |
| WATERMAN STEAMSHIP CORP., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 31). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 31-33, 35-36, 39-40), and the motion is ripe for resolution. After carefully considering the foregoing, the Court concludes that the motion is due to be granted.

## BACKGROUND

The plaintiff was employed as a cook aboard a vessel operated by the defendant. The vessel lay for years off the coast of Saipan, and the defendant arranged for a third party to provide launch services to ferry the crew to the island for shore leave and back to the vessel. The crew used a gangway to disembark at the Port of Saipan ("the Port"). On or about August 31, 2007, the plaintiff took overnight shore leave. Early the next morning, while walking back to the launch but at least 70 feet from the gangway, she stepped in a pothole and fell, suffering several broken bones. The defendant paid maintenance and cure.

In this lawsuit, the plaintiff seeks recovery under the Jones Act and under general maritime law for unseaworthiness. The defendant argues that unseaworthiness provides

[1]

no remedy for injuries suffered off the vessel. The defendant also argues that it had no duty under the Jones Act with respect to the plaintiff's travel toward the launch.

## DISCUSSION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). "If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution*

*Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court limits its review to those legal arguments the parties have expressly advanced.

## I. Unseaworthiness.

"Where the injuries are sustained wholly ashore and are caused by a thing not a part of a vessel or its appurtenances, the failure or deficiency of such facility is not deemed either to constitute unseaworthiness or give rise to any recovery under the doctrine of seaworthiness." *Kent v. Shell Oil Co.*, 286 F.2d 746, 752 (5th Cir. 1961); *accord Martinez v. Dixie Carriers, Inc.*, 529 F.2d 457, 470 n.8 (5th Cir. 1976) ("[T]he unseaworthiness remedy is not available for injuries which occur on shore during the loading or unloading process and which are not caused by a vessel on navigable water."); *see also Harling v. United States*, 416 F.2d 405, 406 (9th Cir. 1969) ("The doctrine of unseaworthiness does not extend to injuries caused by instrumentalities ashore having no connection with the vessel.").[1] The plaintiff offers no defense of this claim. Under the cited authorities, she has no viable claim for unseaworthiness.

## II. Jones Act.

"The Jones Act creates a cause of action for a seaman injured in the course of his employment by his employer's negligence …." *Larue v. Joann M.*, 73 F.3d 325, 327 (11th Cir. 1996). Under the Jones Act as elsewhere, negligence is not "in the air."[2] Rather, liability requires a "negligent breach of duty." *Myles v. Quinn Menhaden*

---

[1] *Webb v. Dresser Industries*, 536 F.2d 603 (5th Cir. 1976), which upheld a lower court determination of unseaworthiness, is not to the contrary. Although the injury occurred ashore, the plaintiff had been sent there on ship's business without being provided the winter boots that were necessary to navigate the known icy shore conditions. *Id.* at 606-07. The plaintiff here was not sent ashore on ship's business, nor does she assert that she should have been provided ship's gear for her journey.

[2] *Equilease Corp. v. Smith International, Inc.*, 588 F.2d 919, 925 (5th Cir. 1979).

*Fisheries, Inc.*, 302 F.2d 146, 150 (5th Cir. 1962). As discussed below, the defendant had no duty to the plaintiff under the circumstances presented.

"The sole question on this appeal … is whether a shipowner is under a duty to provide a safe means of transportation between the ship and any place of amusement crew members desire to visit while on shore leave in the vessel's home port. We think it clear that the shipowner is under no such duty, and is therefore not liable under the Jones Act" for injuries sustained in a motor vehicle accident. *Thurnau v. Alcoa Steamship Co.*, 229 F.2d 73, 74 (2nd Cir. 1956). To like effect is *Paul v. United States*, 205 F.2d 38, 41 (3rd Cir. 1953) ("That brings us to the determination of the question as to whether there was a duty on the part of the shipowner to inspect the dock area owned and controlled by a third party before granting shore leave to crew members and to give warning of any hazards. In our opinion no such duty exists."); *accord Bates v. Prudential-Grace Lines, Inc.*, 375 F. Supp. 774, 775 (W.D. Wash. 1972) (the employer's duty under the Jones Act "does not extend to a seaman while he is beyond the gangway for personal reasons and in an area neither owned nor controlled by the vessel owner"), *opinion adopted*, 497 F.2d 900 (9th Cir. 1974).

The plaintiff cites a number of cases in opposition, (Doc. 36 at 13-15), but none offers a contrary rule applicable here. In *Warren v. United States*, 340 U.S. 523 (1951), and *Aguilar v. Standard Oil Co.*, 318 U.S. 724 (1943), only maintenance and cure was in issue, not the Jones Act. In *Braen v. Pfeifer Oil Transportation Co.*, 361 U.S. 129 (1959), and *O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36 (1943), the plaintiff was performing work he had been sent ashore to perform.[3] Here, in contrast, the plaintiff was not performing work but was on a personal lark.

---

[3] The injured party in *Shenker v. Baltimore & Ohio Railroad Co.*, 374 U.S. 1 (1963), a FELA case on which the plaintiff relies, likewise was engaged in the performance of his official duties. The same is true of *Martin v. Walk, Haydel & Associates*, 742 F.2d 246 (5th Cir. 1984).

In *Marceau v. Great Lakes Transit Corp.*, 146 F.2d 416 (2nd Cir. 1945), the plaintiff was injured on the dock immediately adjacent to the moored vessel as he returned from shore leave, but "he suffered his injuries while on property in the possession and under the control of the defendant as lessee." *Id.* at 418. The Second Circuit in *Thurnau* expressly distinguished its precedent in *Marceau* as "involving negligence of the shipowner in creating or maintaining dangerous conditions adjacent to the ship." 229 F.2d at 74-75. The defendant did not create or maintain the potholed road on which the plaintiff here was injured, and the plaintiff concedes she has no evidence that the defendant possessed or control those premises. (Doc. 36 at 13).[4]

In *Vincent v. Harvey Well Service*, 441 F.2d 146 (5th Cir. 1971), the plaintiff was injured while on shore leave when his employer-furnished driver was involved in a wreck, and the Court assumed sub silentio the existence of a duty while focusing on the separate course-of-employment element. The plaintiff here was not being transported to the launch by the defendant but ambulated on her own.

In *Daughenbaugh v. Bethlehem Steel Corp.*, 891 F.2d 1199 (6th Cir. 1989), the defendant's voluntarily adopted informal policy of escorting intoxicated seamen back to the ship created a duty to exercise reasonable care in executing the policy. The defendant here is not alleged to have engaged in any voluntary undertaking to protect crew members going to or from shore leave.

Extrapolating from FELA, the plaintiff argues that the defendant can be liable if the Port was its agent, performing the defendant's operational activities. (Doc. 36 at 17-18). Assuming without deciding that this is a correct proposition of law, and assuming further that returning to the vessel from shore leave constitutes an "operational activity," the plaintiff admits that agency requires a "contractual relationship," and she further admits that "[w]e do not know whether the vessel or any of the Defendants has a contract

---

[4] The defendant's evidence would negate any such contention. (Doc. 31, Exhibit A, ¶ 5).

or other relationship with the Port of Saipan." (Doc. 36 at 18). Her suggestion that she "is entitled to go to trial to determine facts not known from discovery, but which may be elicited at trial" in order to establish a contractual or other relationship that could support her agency theory, (Doc. 42 at 4), is inconsistent with Rule 56(e). *See also Golden Oil Co. v. Exxon Co.*, 543 F.2d 548, 551 (5th Cir. 1976) (in the face of a properly supported motion for summary judgment, the non-movant "may not choose to wait until trial to develop claims or defenses relevant to the summary judgment motion"). Also inadequate is her undeveloped suggestion that the mere fact the Port suffered crew of this vessel and others to traverse its property would allow a properly functioning jury to find the Port to be the vessel's agent. (Doc. 36 at 18).

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **granted**. Judgment shall be entered accordingly by separate order.[5]

DONE and ORDERED this 23rd day of December, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The defendant's motion to strike, (Doc. 37), is **denied as moot**.