# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARY J. WHATLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 09-0532-WS-B |
| WATERMAN STEAMSHIP CORP., | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for reconsideration, alteration or amendment of summary judgment. (Doc. 54). The defendant has filed a response, (Doc. 56), and the motion is ripe for resolution.

The plaintiff, while employed by the defendant aboard an offshore vessel, was injured when she fell at the Port of Saipan ("the Port") when returning to the launch at the conclusion of shore leave. She sued the defendant under the Jones Act and under general maritime law for unseaworthiness. The Court granted the defendant's motion for summary judgment on both claims. (Doc. 45). The plaintiff does not seek to revisit the Court's ruling as to the unseaworthiness claim.

As to the Jones Act claim, the Court ruled that the defendant had no duty to the plaintiff under the circumstances presented. (Doc. 45 at 4). The plaintiff in her motion does not challenge that ruling as it pertains to the defendant's own conduct. However, she seeks reconsideration of the Court's rejection of her "alternative" argument that, when an employee's injury is caused by the fault of others "performing, under contract, operational activities of the employer," such others are agents of the employer for whose negligent conduct the employer is responsible. (Doc. 36 at 17-18 (internal quotes omitted)).

On motion for summary judgment, the plaintiff identified the Port as the defendant's agent. However, she admitted that "[w]e do not know whether the vessel or any of the Defendants has a contract or other relationship with the Port of Saipan." (Doc. 36 at 18). Despite this absence of evidence of an essential element of her claim, the plaintiff suggested she was "entitled to go to trial to determine facts not known from discovery, but which may be elicited at trial, concerning what contractual or other relationships exist between Waterman, the Port and/or the vessel owner which could form the basis of an agency relationship … for purposes of imputing negligence to the employer under the evidence." (Doc. 42 at 4). The Court, of course, ruled that the plaintiff could not escape a properly supported motion for summary judgment by hoping to elicit favorable evidence at trial. (Doc. 45 at 6).

In her motion for reconsideration, the plaintiff asserts that "there is now evidence of an explicit agreement or license or contract between the United States Government – which controls the Port of Saipan –" and the defendant. (Doc. 54 at 7). It is difficult to see from the plaintiff's obscure argument how such a fact could support a reasonable inference that the United States/Port of Saipan, by operating its own dock, was performing the operational activities of the defendant, given that the defendant's job was to operate an offshore vessel. Certainly the plaintiff identifies no evidence that the alleged contract between the United States and the defendant called for the United States to operate its dock on behalf of the defendant.

At any rate, the threshold problem with the plaintiff's position is that her evidence is presented too late to be considered. Because judgment has been entered, the plaintiff properly brings her motion under Rule 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotes omitted) (bracketed material in original). Moreover, "[a] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id*. (internal quotes omitted) (bracketed material in original); *accord Exxon*

*Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010); *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009).

The plaintiff asserts that her motion seeks to "correct a manifest error of law and fact," (Doc. 54 at 1), but she identifies nothing in the Court's order that was erroneous based on the evidence and argument presented on motion for summary judgment. Instead, her argument is that, given the new evidence she presents along with her motion, there is now a genuine issue of material fact as to whether the defendant can be liable for the plaintiff's injuries on an agency theory.

The evidence on which the plaintiff relies, (Doc. 54 at 6-7), may be new to her and/or the Court, but it is also evidence "that could have been raised prior to the entry of judgment." Most of this newly proffered evidence consists of "matters for judicial notice" concerning the relationship between the Port of Saipan and the United States, (*id.* at 4), information that was plainly available to the plaintiff in opposing the defendant's motion for summary judgment but which the plaintiff elected not to gather and/or present. *See generally* Fed. R. Evid. 201(b) (in order to be subject to judicial notice, a fact must be generally known or capable of accurate and ready determination).

The plaintiff also asserts that it now has evidence the vessel "was being operated under a charter or contract with the United States Government for the United States." (Doc. 54 at 7). This can hardly be news to the plaintiff, since the defendant said as much in its principal brief. (Doc. 32 at 2). Indeed, the affidavit material to which the defendant cited in support of this proposition, (Doc. 32 at 2; Doc. 31, Exhibit A at 1; *id.*, Exhibit B at 1), is the same material to which the plaintiff now belatedly cites. (Doc. 54 at 3, 7; Doc. 40, Exhibit A at 1; *id.*, Exhibit B at 1).

The plaintiff also points to the declaration of her counsel, (Doc. 54 at 3), who goes one step further by concluding that "the Time Charter Agreement shows a contractual agency relationship [specifically] between Waterman and the United States for purposes

of operating" the vessel. (Doc. 53 at 2).[1] Counsel, however, concedes he received the time charter agreement in October 2009, (*id*. at 1), so it was patently available to the plaintiff for use in opposition to summary judgment.

The final piece of "new" evidence noted by the plaintiff is that the Military Sealift Command ("MSC") hired and paid for the launch service. (Doc. 54 at 3, 6-7). The significance of this datum is unclear, but in any event the plaintiff could have presented it prior to entry of judgment. The plaintiff implies, without so stating, that she was unaware of this information previously. The mere fact, if it be a fact, that the plaintiff did not possess this information when she opposed summary judgment does not entitle her to present it now.

"When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Chery v. Bowman*, 901 F.2d 1053, 1057 n.6 (11th Cir. 1990).[2] The plaintiff may not have known that MSC hired and paid for the launch service when she filed her opposition to summary judgment, but she has not attempted to show that she sought this information in discovery, from the defendant or others. Without such a showing of diligence, she cannot now rely on the evidence.

For the reasons set forth above, the defendant's motion for reconsideration, alteration or amendment of summary judgment is **denied**.

---

[1] The defendant contends the time charter was not with it but with a different entity and that the defendant merely operated the vessel under a separate agreement with the contracting entity. The fragments of the time charter to which the plaintiff cites without explanation may suggest that the defendant is related to the contracting entity, but they do not support the proposition that the defendant is the contracting entity.

[2] *Accord Johnson v. Diversicare, Inc.*, 597 F.3d 673, 677 (5th Cir. 2010); *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1036 (8th Cir. 2007); *Wallace v. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994); *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

DONE and ORDERED this 7th day of April, 2011.

                                        s/ WILLIAM H. STEELE
                                        CHIEF UNITED STATES DISTRICT JUDGE